UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALTOVISE BROWN,<br><br>                     Plaintiff,<br>vs.<br><br>CREDIT SYSTEMS INTERNATIONAL, INC., NATIONAL CREDIT ADJUSTERS, LLC, AND PARAMOUNT RECOVERY SYSTEMS,<br><br>                     Defendants. | Civil Action No.: _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff Altovise Brown ("Plaintiff") brings this action against defendants Credit Systems International, Inc. ("CreditSystems"), National Credit Adjusters, LLC ("CreditAdjusters") and Paramount Recovery Systems ("Paramount") (collectively, "Defendants") and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1. This is an action to recover damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*. Defendants have been furnishing inaccurate account information that was published on Plaintiff's credit reports. On July 29, 2020, Plaintiff submitted a debt validation letter to Paramount disputing the accuracy of reporting and asking Paramount to validate the details of the account. On the same date, Plaintiff submitted debt validation letters to CreditSystems and CreditAdjusters respectively, disputing the accuracy of their respective reporting and asking them to validate the details of their respective accounts.

- 1 -

2. The FDPCA provides that once a consumer disputes the details of an account, the debt collector is prohibited from re-reporting the account without marking the account as disputed. Nonetheless, Defendants continued to communicate the information without marking the accounts as disputed or otherwise updating the account as necessary. Defendants' reporting was thus misleading as a matter of law.

3. Plaintiff was later denied an extension of credit based on the misleading information communicated by Defendants and has been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

## JURISDICTION AND VENUE

4. The claims asserted in this complaint arise under 15 U.S.C. §1692e of the FDCPA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

5. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

## PARTIES

6. Plaintiff resides in Dallas County, Texas and qualifies as a "consumer" as that term is defined under 15 U.S.C. §1692a. Plaintiff is an individual.

7. Defendant Paramount is a foreign corporation and debt collection agency that uses the mail, telephone, and facsimile, and regularly engages in business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another. Paramount qualifies as a "debt collector" under the FDCPA.

8. Defendant CreditSystems is a foreign corporation and debt collection agency that uses the mail, telephone, and facsimile, and regularly engages in business in this District, the

principal purpose of which is to attempt to collect debts alleged to be due another. CreditSystems qualifies as a "debt collector" under the FDCPA.

9. Defendant CreditAdjusters is a foreign corporation and debt collection agency that uses the mail, telephone, and facsimile, and regularly engages in business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another. CreditAdjusters qualifies as a "debt collector" under the FDCPA.

## SUBSTANTIVE ALLEGATIONS

10. The case involves four purported medical debts that were sold to Paramount accounts between November 2017 and September 2017, and reported on Plaintiff's Trans Union credit reports.

11. The case also involves a CreditSystems account that was reported on Plaintiff's Equifax credit report. The original creditor of the account was TEXAS HEALTH PHYSICIANS GROU. The account was charged off and purportedly sold to CreditSystems in November 2017.

12. Finally, the case involves a CreditAdjusters account that was reported on Plaintiff's Trans Union credit report. The original creditor of the account was SPEEDY CASH. The account was charged off and purportedly sold to CreditAdjusters in September 2019.

13. Plaintiff learned that Defendants communicated inaccurate information about their respective collection accounts.

14. On July 29, 2020, Plaintiff sent a debt validation letter to each of the Defendants disputing the accuracy of information on their respective aforementioned accounts.

15. Under the FDCPA, the receipt of Plaintiff's debt validation letter required Defendants to cease communicating information about disputed accounts without marking the accounts as disputed.

16. Nonetheless, Defendants continued to communicate account information without marking their respective accounts as disputed.

17. Plaintiff was later denied the extension of further credit based on the inaccurate communications.

## CAUSES OF ACTION

## COUNT I

### Against Defendants for Violation of the FDCPA, 15 U.S.C. § 1692e

18. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

19. 15 U.S.C. §1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Subsection (8) of that provision specifically states that "the failure to communicate that a disputed debt is disputed" is a violation of this section, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*   \*   \*
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, *including the failure to communicate that a disputed debt is disputed*.

>                                                          (emphasis added).

20. Defendants each received a debt validation letter from Plaintiff stating that the information on their respective accounts was disputed.

21. Nonetheless, Defendants continued to report the details of Plaintiff's respective accounts to the credit reporting agencies without marking the account as disputed.

22. Plaintiff was later denied an extension of credit on the basis of the inaccurate reporting and has been forced to deal with the aggravation and humiliation of a poor credit score.

23. Accordingly, Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages and punitive damages;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: March 8, 2021         **COHEN & MIZRAHI LLP**
                             EDWARD Y. KROUB


                             */s/ Edward Y. Kroub*
                             EDWARD Y. KROUB

                             EDWARD Y. KROUB
                             300 Cadman Plaza West, 12th Floor
                             Brooklyn, NY 11201
                             Telephone: 929/575-4175
                             929/575-4195 (fax)
                             edward@cml.legal

                             *Attorneys for Plaintiff*